UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SERGIO GONZALES SALGUERO,

Petitioner,

v.

WARDEN CHRISTOPHER LAROSE, et al.,

Respondents.

Case No.: 26-CV-4585 JLS (BJW)

**ORDER GRANTING IN PART PETITIONER'S AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 5)

Presently before the Court is Petitioner Sergio Gonzales Salguero's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Pet.," ECF No. 5). Also before the Court are Respondents' Return ("Ret.," ECF No. 7) and Petitioner's Traverse ("Traverse," ECF No. 8). For the following reasons, the Court **GRANTS IN PART** the Amended Petition.

**BACKGROUND**

Petitioner, a citizen of Guatemala, entered the United States without inspection in 2000. Pet. at 3. On June 4, 2026, Petitioner was arrested by Ocala Police Department, in Ocala, Florida, for driving without a driver's license. *Id.* Petitioner was in police custody for four days before being transferred to ICE custody. *Id.* Petitioner alleges that he was never shown a warrant or any other documents relating to his arrest at or near the time of his arrest. *Id.* However, Respondents contend that Petitioner was served with an arrest

warrant on June 8, 2026, and a Notice of Custody Determination form on June 11, 2026. Ret. at 2, Ex. 1. Petitioner was placed in removal proceedings and remains in custody. Pet. at 3. Petitioner now argues that his warrantless arrest was unlawful and requests release, or in the alternative, a bond hearing. *See generally id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Both parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. However, the Parties disagree as to whether a bond hearing or release is warranted in this case. *See id.* Petitioner argues that release is required because his arrest violated 8 U.S.C § 1357 and 8 C.F.R. § 287.3. Pet. at 8. Although a warrant was served on Petitioner, Petitioner contends that a bond hearing "would not remedy the lack of authority for the arrest that produced the detention." *Id.* at 11. Respondents do not oppose a bond hearing but seemingly oppose release. Ret. at 2–3.

The Court finds that a bond hearing is the appropriate remedy in this case. Section 1226(a) states that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United

States." "[W]hen arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Lopez-Perez v. Johnson*, No. 1:26-CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)).

Many courts in this district have held that the government's forty-eight-hour clock begins after a court orders a custody determination. *See, e.g.*, *Rodriguez Pinzon v. Blanche*, No. 3:26-CV-04374-RBM-AHG, 2026 WL 2547063, at *1–2 (S.D. Cal. Aug. 27, 2026); *Gonzalez-Ramos v. Mullin*, No. 26-CV-3159-JLS-GC, 2026 WL 1865899, at *2 (S.D. Cal. June 29, 2026). These courts have reasoned that the government arrests these individuals on the premise that they are subject to mandatory detention under 8 U.S.C § 1225(b)(2). *Id.* Thus, to retroactively apply the court's § 1226(a) determination "would place Respondents in the untenable position in future cases presenting similar circumstances, in which Respondents must decide whether to deliberately violate controlling agency precedent in anticipation of a possible objection a detainee may or may not raise in a future habeas petition not yet before this Court, and then further guess how this Court might rule." *Id.* (quoting *Garcia De Melo*, 2026 WL 925672, at *5).[1] Based on this analysis, these courts have held that a bond hearing, not release, is the proper remedy in these situations. *Id.*

The Court finds this reasoning persuasive and adopts it here. The fact that the government has already issued a warrant in this case does not change this analysis. *See*

[1] In *Rodriguez Vasquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Ninth Circuit held that noncitizens who are apprehended in the interior of the United States are subject to § 1226 rather than § 1225(b)(2), overturning binding precedent from the BIA. But *Rodriguez Vasquez* was not decided until July 30, 2026, while Petitioner here was arrested on June 8, 2026. Pet. at 3. Thus, at the time of Petitioner's arrest, Respondents were still bound by the same "agency precedent" discussed in *Garcia De Melo*, 2026 WL 925672, at *5. It remains to be seen how *Rodriguez Vasquez* will change the analysis for individuals arrested after July 30, 2026. The Court, however, declines to opine on that today.

*Garcia-Juarez v. Blanche*, No. 26-CV-3007-LL-DEB (S.D. Cal. June 30, 2026). Nor does Petitioner's reliance on 8 U.S.C § 1357 and 8 C.F.R. § 287.3. *Id.* at 3 ("Not only does 8 U.S.C. § 1357(a)(2) authorize warrantless arrests but 8 C.F.R. § 287.3(d) also provides the government 48 hours to issue a warrant if it determines that the noncitizen will remain in custody.").

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 5). The Court **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022). The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody. The Parties **SHALL** file a Joint Status Report by September 25, 2026, informing the Court of the outcome of the hearing. As this concludes this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: September 8, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge